U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 AUG 16 PM 2:46

CLERK

BY ltw
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES RIVER INSURANCE COMPANY, )
)
Plaintiff, )
)
v. )
)
INN-ONE HOME, LLC D/B/A OUR HOUSE ) Case No. 18-cv-00100
RESIDENTIAL CARE HOMES, PAULA )
PATORTI, LISA PATORTI, and JUNE F. )
KELLY, as Executor of the Estate of Marilyn )
F. Kelly, )
)
Defendants. )

**ENTRY ORDER DENYING DEFENDANT INN-ONE HOME, LLC., d/b/a OUR HOUSE RESIDENTIAL CARE HOMES' MOTION TO ALTER OR AMEND JUDGMENT**
(Doc. 73)

On July 6, 2021, Defendant Inn-One Home, LLC d/b/a Our House Residential Care Homes ("Inn-One") filed a motion to alter or amend the court's June 8, 2021 Opinion and Order granting Plaintiff James River Insurance Company's ("James River") motion for summary judgment and declaring that James River has no duty to defend or indemnify Inn-One for any of the claims in an underlying state court civil suit (the "Underlying Suit") pursuant to Policy Number 00076613-0's (the "Policy") prior knowledge condition. Inn-One contends that alteration or amendment is warranted because the court "award[ed] an overinclusive declaration to James River" by granting summary judgment as to all claims, as opposed to merely those claims pertaining to the Flagg Assault. (Doc. 73 at 1.) James River opposed the motion on July 16, 2021. A hearing was held on August 5, 2021, at which time the court took the pending motion under advisement.

James River is represented by Gary M. Burt, Esq. Defendants Inn-One, Paula Patorti, and Lisa Patorti are represented by Joshua L. Simonds, Esq. Defendant June

Kelly ("J. Kelly"), as executor of the Estate of M. Kelly (the "Estate"), is represented by Daniel L. Burchard, Esq.

Rule 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks, citation, and alteration omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

The Policy provides that its professional liability coverage does not cover "*any claim*":

    a.    Based on or directly or indirectly arising out of or resulting from:

        (1)    A "professional service" rendered prior to the effective date of the first Policy period in a series of uninterrupted renewal policies by us, *if any insured knew or could have reasonably foreseen that the "professional service" could give rise to a "claim"*;

        (2)    Any common fact, circumstances, transaction advice or decision involved in a "professional service" reported as a "claim" or potential "claim" under any prior Policy; or

        (3)    Any "claim", "suit", act, error, or omission disclosed in the application for this Policy[.]

(Doc. 54-15 at 30) (emphasis supplied).

The Policy defines a "claim" as "a written demand for monetary 'damages', including the service of 'suit' or arbitrations brought against [Inn-One], arising out of or resulting from the rendering or failure to render 'professional service.'" *Id.* at 34. The Policy defines "[p]rofessional services" as "the furnishing of professional health care services by the Named Insured[.]" *Id.*

Inn-One argues that because the court did not find that each factual event set forth in the Underlying Complaint was "based on or directly or indirectly [arose] out of or result[ed] from" a "professional service" that Inn-One "knew or could have reasonably foreseen" could give rise to a "claim," the court's summary judgment declaration should have been confined to the Flagg Assault. It points to the court's observation at the May 18, 2021 hearing:

> So lots of complaints, lots of incidents while Marilyn- and forgive me for the informality – was at this care facility. And I assume there's a fair amount of complaining that goes on with families, and people do fall. The Flagg assault is a whole different character and was criminally prosecuted. So I wonder, even though you've included lots of other facts and many that I didn't know from my other lawsuits, that it would be pretty debatable about somebody complaining about an elopement, depending on who the pharmacy employee was and how that all happened, or a fall and having to decide whether it was inevitable or not. The Flagg assault seems to me to be of a significant different character.

(Doc. 73-1 at 2-3.) This colloquy, however, must be considered in the context of the back-and-forth of oral argument. It was not a ruling that the other incidents of Marilyn Kelly's care were not covered by the prior knowledge condition; instead, it was an observation that no reasonable insured could argue that it did not know that the Flagg Assault could give rise to a claim.[1] The court's Opinion and Order does not separate the Flagg Assault from other events, nor does the Underlying Complaint.[2]

"[P]rior-knowledge conditions" like the one contained in the Policy "are common in claims-made policies because they ensure that only risks of unknown loss are potentially incurred and prevent an insured from obtaining coverage for the risk of a known loss, which would be unfair to the insurer." *Cohen-Esrey Real Estate Servs., Inc.*

---

[1] To the extent Inn-One argues that falls, an elopement, and overmedication could not objectively be expected to give rise to a claim, this argument is belied by the Allied Medical General Application for insurance submitted to James River by Inn-One which specifically asked whether Inn-One had experienced an "[i]njury to a client, patient or resident[;]" "[i]njury resulting from an elopement[;]" and [i]mproper medication or improper dosage resulting in hospitalization[.]" (Doc. 54-2 at 3.)

[2] Each count in the Underlying Complaint incorporates by reference every allegation preceding it.

3

*v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1303 (10th Cir. 2011) (citations omitted); *see Inn-One Home, LLC v. Colony Specialty Ins. Co.*, 2021 WL 694828, at *8 (D. Vt. Feb. 23, 2021). Although Inn-One contends the prior knowledge provision must be construed narrowly, the case law does not support that approach. *See Towns v. N. Sec. Ins. Co.*, 2008 VT 98, ¶¶ 28-29, 184 Vt. 322, 341-42, 964 A.2d 1150, 1163-64 (explaining that a claims-made policy is a "cheaper . . . form of coverage specifically designed to *limit* the insurer's risk by *restricting* coverage to claims made during the policy period") (emphasis supplied).

Inn-One asserts that, notwithstanding the nature of the Underlying Complaint, James River's decision to include incidents unrelated to the Flagg Assault in its motion for summary judgment supports Inn-One's theory that the court must engage in an event-by-event analysis. James River's citation of various undisputed facts does not, however, create a requirement that the court examine each incident separately. The prior knowledge condition includes any "suit . . . brought against [Inn-One], arising out of or resulting from the rendering or failure to render 'professional service.'" (Doc. 54-15 at 34.) It does not differentiate "claims" and "suits" based on individual facts. *See Rainforest Chocolate, LLC v. Sentinel Ins. Co., Ltd.*, 2018 VT 140, ¶ 6, 209 Vt. 232, 235, 204 A.3d 1109, 1111 ("An insurance policy is construed according to its terms and the evident intent of the parties as expressed in the policy language.") (internal quotation marks and citation omitted); *see State Farm Mut. Auto. Ins. Co. v. Roberts*, 697 A.2d 667, 672 (Vt. 1997) (explaining that "the courts have acknowledged the breadth and lack of ambiguity in the 'arising out of' exclusion language"); *Zen Continental Co., Inc. v. Intercargo Ins. Co.*, 151 F. Supp. 2d 250, 262 (S.D.N.Y. 2001) (finding that the terms of an insurance policy which excluded "*any* claims arising out of *any activity, transaction, incident or occurrence involving*" hazardous materials "illustrate[d] the breadth of [the insurer's] intended exclusion") (internal quotation marks omitted) (emphasis in original).

Finally, Inn-One asserts that the concurrent causation doctrine bars the Policy's prior knowledge condition from aggregating events into a single "claim" where a plaintiff alleges multiple causes of harm. Under the concurrent causation doctrine, "if an

4

occurrence is caused by a risk included within the policy, coverage may not be denied merely because a separate excluded risk was an additional cause of the accident." *Roberts*, 697 A.2d at 669. The Vermont Supreme Court has ruled that the concurrent causation doctrine plays no role where "the unambiguous policy language plainly excludes coverage[.]" *ProSelect Ins. Co. v. Levy*, 2011 VT 109, ¶ 8, 190 Vt. 632, 635, 30 A.3d 692, 695. Here, the broad language of the prior knowledge condition encompasses each "claim" in the Underlying Complaint as well as the entire "suit." "[W]e are not dealing with independent and unrelated claims . . . otherwise covered under the policy, but rather with a case where all of the claims essentially derive from" Inn-One's allegedly sub-standard professional services rendered to Marilyn Kelly. *Id.* at ¶ 9.

Because Inn-One knew or should have known that the professional services it rendered to Marilyn Kelly could give rise to a claim as defined in the Policy, and because all claims in the Underlying Suit arise out of these professional services, the Policy's prior knowledge condition bars coverage of the Underlying Suit. Inn-One's motion to alter or amend the judgment is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES Inn-One's motion to alter or amend its June 8, 2021 Opinion and Order granting summary judgment. (Doc. 73.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of August, 2021.

Christina Reiss, District Judge
United States District Court